DICKERSON *v.* BOARD OF COMMISSIONERS OF
VIGO COUNTY.

[No. 15,703. Filed February 20, 1936. Rehearing denied
June 4, 1936.]

*Orph M. Hall, William B. Edmonds, Albert Catlin* and *Bert Layman,* for appellant.

*Wallace, Randell & Wallace,* for appellee.

CURTIS, C. J.—This was an action by the appellant against the appellee, the Board of Commissioners of Vigo County. The case was submitted upon the appellant's fourth amended complaint in two paragraphs, to each of which the appellee filed a separate demurrer. These demurrers were each sustained with exceptions to the appellant, who refused to plead further, whereupon the court rendered judgment against the appellant that he take nothing by his complaint and that he pay the costs. It is from that judgment that this appeal was prayed and perfected, the error assigned and relied upon being the rulings on said demurrers. Each demurrer was upon the ground of insufficient facts.

The first paragraph of the appellant's fourth amended complaint alleged in substance that the appellant placed repair material along the sides of the roads of Vigo County at convenient intervals so that the said material would be available for emergency repair work as the

same was likely to be needed for that purpose, and that much of the timber and other materials so distributed became destroyed, lost or stolen.

It is further alleged that these materials were placed as above stated upon the request of the commissioners of Vigo County, who stated to the appellant that such material was desirable to be used in case an emergency should arise, to the end that the highways might be kept in good condition, and it is further alleged that said commissioners represented to the appellant that they had authority to make expenditures for such materials by and through the county superintendent of highways and his assistant in any sum not to exceed the sum of $100.00 and that such purchases could be made without notice or other legal proceedings.

It is further alleged that the appellant relied upon the representations which he says were made to him by said commissioners as above indicated and that he was told by said commissioners that such procedure was the custom in Vigo County and that he believed that the said representations made by the commissioners were a correct statement of the rights of the commissioners to purchase said materials in the manner above stated.

It is also alleged that at various times throughout the years 1925, 1926, 1927 and 1928, the exact dates of which are unknown to the appellant but are known to the appellee, they entered into the various contracts whereby said materials were to be delivered as above stated and that in pursuance of the said agreements the said materials were so delivered and that a portion of said materials were paid for and other portions not paid for and that the appellee took and used said materials in the repair of roads in Vigo County, but that the exact times when said materials were so used is unknown to the appellant.

Said pleading further contains the allegation that on

September 29, 1931, a claim was filed against the county and disallowed on the 21st day of November, 1931. The prayer of this paragraph is as follows:

> "Wherefore the plaintiff prays and demands that the defendant come to an accounting and for all other and proper and equitable relief in the premises."

It is to be noted that the appellant did not file any copy of a claim as an exhibit to this paragraph and neither did he set out in the paragraph even remotely the contents of any such claim.

The second paragraph alleges substantially the same general facts except that it alleges only one agreement to purchase said materials and that under this said agreement materials were delivered in lots of less than $100.00 worth in value during the years 1925, 1926, 1927 and 1928. This paragraph further alleges that the said county made proper levies for the raising of funds generally for the payment of highway repairs. The paragraph contains the following prayer:

> "Wherefore plaintiffs demand defendant come to account and for judgment."

With this paragraph of complaint a copy of what purports to be a claim is filed as an exhibit. An examination of the exhibit discloses that the claim was for the sum of $7,000.00 with no items whatever to show how the claim for $7,000.00 was made up. In other words the claim was not itemized in any particular. As above indicated the appellee filed demurrers to each of said paragraphs. The memorandum to the demurrer to the first paragraph contains some nineteen specifications and the memorandum to the demurrer to the second paragraph contains some twenty-two specifications. We do not deem it necessary, however, to set out all of these different specifications. Each demurrer contains a specification in effect that the pleading to which it is addressed

is fatally defective for the reason that it shows upon its face that no itemized statement as required by law was filed as a claim against the appellee county. Secondly, each memorandum questions the right of the appellant to have an accounting against the appellee county; and third, each memorandum relies upon the fact that neither paragraph of said complaint showed any emergency whatever requiring the purchase of the said materials and that the only allegations in that respect are that the materials were purchased and distributed with the view that some possible emergency might arise and that neither paragraph of said complaint shows that such material was purchased after due notice was given as required by law.

In our opinion these specifications of the two demurrers are entirely sufficient as bases for.the ruling of the trial court in sustaining said demurrers. There is certainly no emergency shown for the purchase of any of such materials in either paragraph and at most the allegations affirmatively show that the purchases were not made under any emergency, but only with the view of some possible future emergency. This is clearly not the purpose of the statute which allows the purchase of a small amount of materials for highway repairs in emergency situations. The statute is clear and explicit also that before the county commissioners are authorized to make general purchases they must comply with the requirements of the statute requiring the giving of notice to the end that there may be fair competition in the bidding.

Each paragraph of the complaint is also fatally defective in that the appellant seeks to put the burden on the appellee to prove the appellant's alleged claim. The appellant at most shows in his complaint a loose business arrangement which he alleges he made with the county commissioners which was clearly beyond the

power of the commissioners to make. The appellant is bound under the law to know the powers which the commissioners have in matters of the kind under consideration.

By the ruling on the demurrers the trial court refused to place its stamp of approval upon such a transaction or transactions. This action was clearly right for the reason that any other action would open up the way whereby the clear provisions of the law might easily be circumvented. The complaint contains no sufficient allegations to warrant a court in granting the equitable remedy of an accounting in aid of the appellant.

There was no error in the rulings of the trial court upon said demurrers.

The judgment is affirmed.